Citation Nr: 1546200 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 02-10 563 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York


THE ISSUES

1. Entitlement to a rating in excess of 30 percent for residuals of trauma to the left eye with retinal detachment and cataract, to include on an extraschedular basis.

2. Entitlement to an initial compensable evaluation for headaches.

3. Entitlement to a total rating based on unemployability due to service-connected disability (TDIU).


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

J. Barone, Counsel


INTRODUCTION

The Veteran served on active duty from December 1975 to January 1979. 

This appeal to the Board of Veterans' Appeals (Board) arose from a February 2002 rating decision in which the RO, in pertinent part, denied the Veteran's claim for an increased rating. 

In December 2003, the Board remanded the appeal to the RO for additional development. In a September 2006 decision, the Board denied the Veteran's increased rating claim. The Veteran filed a timely appeal to the United States Court of Appeals for Veterans Claims (Court). By a June 2008 Order, the Court granted a Joint Motion for Remand filed by counsel for both parties, vacating the Board's September 2006 decision and remanding the matter on appeal to the Board for action in consistent with the joint motion. The Board remanded the appeal for development of the record in December 2008. 

The Board notes that one of the bases for remand by the Court cited by the joint motion was that VA failed to address the Veteran's complaints of head pain and the possibility of assigning a separate rating based on headaches. In the December 2008 remand, the Board directed that this question be addressed. While the appeal was in remand status, the agency of original jurisdiction (AOJ) issued a rating decision in November 2014 that granted service connection for headaches and assigned a noncompensable evaluation. As the benefit sought on appeal has been granted, the Board will not further address the issue of entitlement to service connection for headaches.

The record contains an informal claim of entitlement to service connection for frostbite of the feet, submitted by the Veteran in May 2011. While the AOJ issued a rating decision in July 2012 which denied service connection for flat feet, it does not appear that the claim of entitlement to service connection for frostbite has been adjudicated. This issue is therefore referred to the AOJ for appropriate action.

At the time of the decision on appeal, the appellant was represented by a Veteran's service organization, The American Legion. In a September 2008 VA Form 21-22a, the Veteran appointed an attorney listed on the title page to represent him before the Board. However, a May 2011 VA Form 21-22 named Disabled American Veterans as the Veteran's representative, and in June 2011, the Veteran's attorney requested that his power of attorney be revoked. The Board recognizes the change in representation. 

 The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

In the December 2008 remand, the Board directed that various VA examinations be conducted. VA eye examinations were carried out in December 2009 and October 2011. However, a subsequent June 2015 statement by a VA ophthalmologist indicates that the Veteran's pain and left eye degeneration had worsened over the previous few years. He noted that the VA ocular plastics surgeon had recommended enucleation, and that the Veteran would be returning to the oculoplastics specialist for further treatment. In light of evidence of worsening, as well as the possibility that the Veteran is to undergo enucleation of his left eye, a current examination is necessary to properly evaluate this disability.

The December 2008 remand also directed that the Veteran's case be referred to the Under Secretary for Benefits or the Director, Compensation and Pension Service, for consideration of an extraschedular evaluation for the veteran's left eye disability, to include consideration of a TDIU, pursuant to 38 C.F.R. §§ 3.321(b)(1) and 4.16(b). In March 2015, the AOJ requested an advisory opinion from the Director. In April 2015, the Director concluded that an extraschedular evaluation under 38 C F R §§ 3.321(b) was not warranted. He did not provide an opinion regarding whether a TDIU was warranted pursuant to § 4.16(b). This question must be referred to the Director, Compensation and Pension Service in order to fulfill the directives of the Board's December 2008 remand. See Stegall v. West, 11 Vet. App. 268 (1998).
As noted, a November 2014 rating decision granted service connection for headaches and assigned a noncompensable evaluation. The Veteran submitted a notice of disagreement in December 2014. The filing of a NOD places a claim in appellate status. Therefore, a statement of the case regarding this issue must be issued to the appellant. As such, this issue must be remanded. Manlincon v. West, 12 Vet. App. 239, 240-41 (1999).

Accordingly, the case is REMANDED for the following action:

1. Obtain VA treatment records for the period from March 2015 to the present and associate them with the electronic record.

2. Then, schedule the Veteran for a VA eye examination to determine the severity of his left eye disability. Any and all studies, tests and evaluations deemed necessary by the examiner should be performed. The examiner should elicit a complete history, the pertinent details of which should be included in the examination report. 

The eye examiner should provide an evaluation of the veteran's residuals of the injury to his left eye with retinal detachment and cataract, including an assessment of the physiology associated with any eye pain. The examiner should provide an assessment of the visual acuity of both eyes and to indicate whether there is an enucleation or a serious cosmetic defect of the left eye. 

The examiner must interview the Veteran as to his education, training, and work history and provide an opinion as to the functional impairments caused by the service-connected eye disability with regard to his ability to perform tasks, including sedentary and physical tasks.

3. After completing the directed actions, and any additional notification and/or development deemed warranted, submit the case to the Under Secretary for Benefits or the Director, Compensation and Pension Service, for consideration of a TDIU, pursuant to 38 C.F.R. § 4.16(b).

4. Then, readjudicate the claims on appeal, to include TDIU, with application of all appropriate laws and regulations, and consideration of any additional information obtained as a result of this remand. If the decision remains adverse to the Veteran, he should be furnished a supplemental statement of the case and afforded an appropriate period of time within which to respond thereto.

5. Issue the Veteran a statement of the case on the issue of entitlement to service connection for a compensable initial rating for headaches pursuant to 38 C.F.R. § 19.26 (2015). If the Veteran perfects his appeal by submitting a timely and adequate substantive appeal, then the AOJ should return the claim to the Board for the purpose of appellate disposition.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).
This claim must be afforded expeditious treatment. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).
________________________________________
Bethany L. Buck
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).